UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 11-228

Jason Bo-Alan Beckman (01),

    Defendant.

_____

    David J. MacLaughlin and Tracy L. Perzel, Assistant United States Attorney, Counsel for Plaintiff.

    Douglas B. Altman, Counsel for Defendant Jason Bo-Alan Beckman.

    W. Anders Folk, Leonard, Street and Deinard, Counsel for Robert Mendelson and Morgan Lewis & Bockius LLP.

_____

Before the Court is the motion to quash brought by Robert Mendelson and the law firm of Morgan Lewis & Bockius LLP (collectively referred to as "Morgan Lewis") [Doc. No. 241] and Defendant Beckman's motion to exclude evidence of attorney-client communications. [Doc. No. 220].

In its motion to quash, Morgan Lewis asserts that it was retained to represent Oxford Group ("OG") in June 2008. (Declaration of Robert Mendelson ¶ 2, Ex. 1). It was Mendelson's understanding that OG was comprised of Oxford

1

Global Advisors, LLC ("OGA") and Oxford Capital Investments, and that Beckman was the sole principal of these entities. (Id. ¶ 3.) The new client form completed by Morgan Lewis identifies OGA, Oxford Private Client Group, Oxford Capital Investments, Jason Beckman, Trevor Cook, and Christopher Pettingill as persons who might be considered clients of Morgan Lewis for conflicts purposes - but they are not clients of Morgan Lewis. (Id. ¶ 4., Ex. 1.) Morgan Lewis's engagement remained active through July 2008. (Id. ¶ 5.)

Morgan Lewis asserts it possesses documents responsive to the subpoenas issued to Morgan Lewis and Mendelson, consisting of communications between itself and Beckman, as principal of OG, that would be protected by the attorney-client privilege. Morgan Lewis acknowledges that OGA has been placed in a receivership and that the Receiver has waived the attorney-client privilege with respect to OGA. (Id. ¶ 7; (Doc. No. 187) Ex. B (E-mail from R.J. Zayed, Court Appointed Receiver in Civil Nos. 09-3332, 09-3333, and 11-574 in which he waived the attorney-client privilege the Receiver Estates have with Willkie, Morgan Lewis and Briggs).) Because Beckman has objected to Morgan Lewis providing documents or testimony on the grounds that the Receiver lacks the authority to waive privilege on behalf of OGA or because notwithstanding such

2

waiver Beckman asserts a personal privilege relating to the documents and testimony sought, Morgan Lewis moves to quash the subpoena.

Beckman argues that the communications sought by the government concern attorney client communications through which Beckman sought legal advice as an individual for personal and business reasons. Beckman asserts privilege over all notes, memoranda, recordings, correspondence, or other record concerning these communications. Because the communications concern legal advice given to Beckman as an individual, he is not waiving the privilege.

This Court appointed a Receiver over OGA, one of many Receiver Estates, and pursuant to Court Order, the Receiver has been given the authority to take any action which could be taken by the officers, directors, partners, members and trustees of OGA, including the authority to waive any attorney-client privilege of OGA. (See SEC v. Cook, Civ. No. 09-3333 (Doc. No. 68); CFTC v. Cook, Civ. No. 09-3332 (Doc. No. 96); SEC v. Beckman, Civ. No. 11-574 (Doc. No. 10).) The Receiver also has the authority to retrospectively waive the attorney/client privilege over the objections of the former principles. CFTC v. Weintraub, 471 U.S. 343 (1985) (finding that bankruptcy trustee can waive attorney/client privilege with respect to a pre-bankruptcy attorney/client communication as to

which the former management objected).  See also SEC v. Ryan, 747 F. Supp. 2d 355, 367-68 (N.D.N.Y. 2010).

As noted above, the Receiver has waived any attorney-client privilege that OGA has with Morgan Lewis.  As Morgan Lewis was retained to provide legal representation only to OG, which included OGA, there is no privilege that prevents Morgan Lewis from responding to the government subpoenas with respect to communications involving OGA.  Accordingly, Morgan Lewis's motion to quash is denied.  To the extent that Beckman moves to exclude any evidence from Morgan Lewis and attorney Mendelson, such motion is denied.

**IT IS HEREBY ORDERED:**

1. Morgan Lewis & Bockius LLP's and Robert Mendelson's Motion to Quash Subpoena [Doc. No. 241] is DENIED;

2. Defendant Beckman's Motion to Exclude Evidence of Attorney-Client Privilege [Doc. No. 220] is DENIED as to Robert Mendelson and Morgan Lewis & Bockius, LLP.

Date:   April 19, 2012

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court